## Case No. 11,386.

### PRENTISS v. ELSWORTH.

[Mirror, Pat. Off. 35.]

Circuit Court, E. D. Pennsylvania.　Oct., 1845.

JURISDICTION OF CIRCUIT COURTS — BILL TO COMPEL ISSUANCE OF PATENTS.

[The United States circuit courts have no jurisdiction either under the sixteenth section of the act of July 4, 1836 (5 Stat. 123), and the tenth section of the act of March 3, 1839 (Id. 354), or otherwise, to entertain a bill in equity against the commissioner of patents, to procure a decree compelling the issuance of a patent. The circuit court of the District of Columbia is the only court having jurisdiction to administer the remedy provided in those sections.]

[This was a bill in equity by Elijah Prentiss against Henry L. Elsworth, as commissioner of patents, to procure a decree ordering that letters patent be issued to him for an alleged invention.]

The complainant filed his bill complaining that the defendant, as commissioner of patents, had refused to grant him a patent for certain improvements made by him in the art of weaving goods of various kinds, and prayed the court should by decree order the letters patent prayed for be issued.

The defendant filed a plea to the jurisdiction and a general demurrer to the bill.

B. H. Brewster, for commissioner of patents, maintained that the court has no jurisdiction; that the defendant did not reside and was not within its jurisdiction at the time process issued. Act Cong. 1789, § 11 [1 Stat. 78]. The only court that can have jurisdiction at any stage of proceedings to obtain a patent is the circuit court of the District of Columbia. Acts 1801 [2 Stat. 103], and 1815; [Pollard v. Dwight] 4 Cranch [8 U. S.] 421; [Logan v. Patrick] 5 Cranch [9 U. S.] 288; [Gracie v. Palmer] 8 Wheat. [21 U. S.] 699; [Wilson v. Koontz] 7 Cranch [11 U. S.] 202; Harrison v. Rowan [Case No. 6,140]. Unless the court has jurisdiction under the patent laws, or by some other act of congress, the bill must be dismissed. [Kempe v. Kennedy] 5 Cranch [9 U. S.] 173; Ex parte Cabrera [Case No. 2,278]; [Turner v. Enrille] 4 Dall. [4 U. S.] 7. The patent laws contain no provision investing the circuit courts with such authority. The policy of the law is against the exercise of this authority. The commissioner would be exposed to endless trouble and inconvenience. He would be compelled to answer at the same time at different points of the Union; and if the prayer of the bill were granted, to carry with him the models, books, papers, and documents that are of record in the office at Washington, when thereby the public interests would require them to be in the custody of the department at the seat of government. 2 Kent, Comm. 355–372; Phil. Pat. 313, 57, 379. The law furnishes a remedy for the errors of a hasty examination of an application for a patent. Act 1836, § 7. The complainant must strictly conform to the provisions of that act before he can apply for the intervention of a court of equity, even had this court jurisdiction; and he must aver in his bill that he has conformed to the provisions of the law. That he has not done. The bill does not state that he has complied with the provisions of the act of 1839. Andrews v. Solomon [Case No. 378]; [Carroll v. Safford] 3 How. [44 U. S.] 441. The commissioner of patents is the judge created by law to decide upon these questions. To him must application be made, and renewed after a certain formal method laid down in the act; and this court could not now assume to decide the question, even had it concurrent jurisdiction, much less when the exclusive jurisdiction is vested in the commissioner. 9 Wheat. [22 U. S.] 532; The Robert Fulton [Case No. 11,890]. This court has no power to enjoin or command an officer of the general government residing at Washington to perform any act. How then could it enforce its decree? 1 Kent, Comm. 322; [U. S. v. Lawrence] 3 Dall. [3 U. S.] 42; [Life & Fire Ins. Co. v. Adams] 9 Pet. [34 U. S.] 574, 602; 8 Pet. [33 U. S.] 306; [Kendall v. U. S.] 12 Pet. [37 U. S.] 524; [Ex parte Hoyt] 13 Pet. [38 U. S.] 279; [Ex parte Bradstreet] 7 Pet. [32 U. S.] 634; [Livingston v. Dorgenois] 7 Cranch [11 U. S.] 577.

Mr. Waln, in reply, said: If the court has no jurisdiction, then the party aggrieved is without remedy. The argument ab inconvenienti can never be urged to deprive man of his rights and all legal protection. The jurisdiction is expressly given by the sixteenth section of the act of 1836, and tenth section of the act of 1839. The law provides that expenses shall be paid by complainant in contemplation of the inconvenience to which the commissioner might be subjected in complaints like this. If parties are confined to the courts of the District of Columbia, then they could not have the decrees of the courts enforced in any other part of the United States, except in their local jurisdiction. It is a narrow construction of the law to oust the jurisdiction.

RANDALL, District Judge. The bill in this case charges that on or about the 8th day of March, 1843, the complainant entered a caveat in the patent office of the United States, describing certain improvements made by him in the art of weaving, and that on or

about the 8th day of August, 1844, he preferred his petition to the commissioner of patents, wherein he represented that he had invented certain new and useful improvements in the apparatus for weaving goods of various kinds, and did therein claim as new ("as specified in the bill"). The bill further charged that the complainant, having in all things complied with the terms and conditions of the act of congress in such cases made, having furnished specifications, drawings and models, and paid into the treasury the legal fee, he did pray that letters patent of the United States might be granted, vesting in him and his legal representatives the exclusive right to the said invention, &c., and that the commissioner, intending, &c., absolutely refuses to comply with the said reasonable request. After stating the formal excuses or pretences, and propounding certain interrogatories, the orator prays that a copy of the bill may be served on the commissioner of patents, and that he may be required to answer, to produce the specification, model, drawing and claim, and that the court will order and decree, that the letters patent be issued as specified in his claim. To this bill the defendant has filed a special plea, denying the jurisdiction of this court, "because he says the supposed causes of complaint, and each and every one of them, accrued out of the jurisdiction of this court, and that the said defendant, commissioner, as aforesaid, was not found within the jurisdiction of the court at the time of serving the writ in this complaint, nor was he an inhabitant within the jurisdiction of this court at the time of serving the writ of subpœna on this defendant, and that he is not liable as commissioner as aforesaid, to the jurisdiction of this court. He has also filed a general demurrer to this bill. It is admitted that unless the jurisdiction is given by the sixteenth section of the act of July 4, 1836,—4 Story's Laws, p. 2511 [5 Stat. 123],—and the tenth section of the act of March 3, 1839,—9 Story's Laws. p. 1020 [5 Stat. 354].—the complainant cannot have the relief prayed for in this court.

By the seventh section of the act of 1836 it is enacted, that on the filing of any such application, description and specification, and the payment of the duty hereinafter provided, the commissioner shall make, or cause to be made, an examination of the alleged new invention or discovery; and if, on any such examination, it shall not appear to the commissioner that the same had been invented or discovered by any other person in this country, prior to the alleged invention or discovery thereof by the applicant, or that it had been patented or described in any printed publication in this or any foreign country, or had been in public use or on sale, with the applicant's consent or allowance, prior to the application, if the commissioner shall deem it to be sufficiently useful and important. it shall be his duty to issue a patent therefor.

But whenever, on such examination, it shall appear to the commissioner that the applicant was not the original and first inventor or discoverer thereof, or that any part of that which is claimed as new had before been invented or discovered, or patented, or described in any printed publication in this or any foreign country aforesaid, or that the description is defective and insufficient, he shall notify the applicant thereof, giving him briefly such information and references as may be useful in judging of the propriety of renewing his application, or of altering his specification, to embrace only that part of the invention or discovery which is new. In every such case, if the applicant shall elect to withdraw his application, relinquish his claim to the model. he shall be entitled to receive back twenty dollars, part of the duty required by this act, on filing a notice in writing of such election in the patent office; a copy of which, certified by the commissioner, shall be a sufficient warrant to the treasurer for paying back to the said applicant the said sum of twenty dollars. But if the applicant, in such case, shall persist in his claim for a patent, with or without any alteration of his specification, he shall be required to make oath or affirmation anew, in manner as aforesaid; and if the specification and claim shall not have been so modified as, in the opinion of the commissioner, shall entitle the applicant to a patent, he may, on appeal and upon request in writing, have the decision of a board of examiners, to be composed of three disinterested persons, who shall be appointed for that purpose by the secretary of state, one of whom, at least, to be selected, if practicable and convenient, for his knowledge and skill in the particular art. manufacture, or branch of science to which the alleged invention appertains, who shall be under oath or affirmation for the faithful and impartial performance of the duty imposed upon them by said appointment. Said board shall be furnished with a certificate in writing of the opinion and decision of the commissioner, stating the particular grounds of his objection, and the part or parts of the invention which he considers as not entitled to be patented. And the said board shall give reasonable notice to the applicant, as well as to the commissioner, of the time and place of their meeting, that they may have an opportunity of furnishing them with such facts and evidence as they may deem necessary to a just decision; and it shall be the duty of the commissioner to furnish to the board of examiners such information as he may possess relative to the matter under their consideration. And, on an examination and consideration of the matter by such board, it shall be in their power, or of a majority of them, to reverse the decision of the commissioner, either in whole or in part; and, their opinion being certified to the commissioner, he shall be governed thereby in the further proceedings to be had on such ap-

plication: provided, however, that, before a board shall be instituted in any such case, the applicant shall pay to the credit of the treasury, as provided in the ninth section of this act, the sum of twenty-five dollars; and each of said persons so appointed shall be entitled to receive, for his services in each case, a sum not exceeding ten dollars, to be determined and paid by the commissioner out of any moneys in his hands, which shall be in full compensation to the persons who may be so appointed, for their examination and certificate as aforesaid.

The eighth section provides that whenever an application shall be made for a patent, which in the opinion of the commissioner would interfere with any other patent for which an application may be pending, or with an unexpired patent which shall have been granted, it shall be the duty of the commissioner to give notice thereof to such applicant or patentee, as the case may be; and, if either shall be dissatisfied with the decision of the commissioner in the question of priority of right or invention, he may appeal from such decision on the like terms and conditions as are provided in the preceding section.

The sixteenth section then enacts that whenever there shall be two interfering patents, or whenever a patent or application shall have been refused by an adverse decision of a board of examiners, on the ground that that patent applied for would interfere with an unexpired patent previously granted, any person interested in any such patent, either by assignment or otherwise in the one case, and any such applicant in the other case, may have remedy by bill in equity; and the court, having cognizance thereof, on notice to adverse parties, and other due proceedings had, may adjudge and declare either the patents void in the whole or in part, or inoperative and invalid, in any particular part or portion of the United States, according to the interest which the parties to such suit may possess in the patent or the inventions patented, and may also adjudge that such applicant is entitled, according to the principles and provisions of this act, to have and receive a patent for his invention, as specified in his claim, or for any part thereof, as the fact of priority of right or invention shall in any such case, be made to appear. And such adjudication, if it be in favor of the right of such applicant, shall authorize the commissioner to issue such patent, on his filing a copy of the adjudication, and otherwise complying with the requisitions of this act: provided, however, that no such judgment or adjudication shall affect the rights of any person, except the parties to the action, and those deriving title from or under them subject to the rendition of such judgment. This section gives the remedy, by bill in equity, to those cases only provided for by the eighth section of this act. But by the tenth section of the act of 1839, it is declared that the provisions of the sixteenth section of the before recited act shall extend to all cases where patents are refused for any reasons whatever, either by the commissioner of patents or by the chief justice of the District of Columbia, upon appeals from the decision of said commissioner, as well as where the same shall have been refused on account of, or by reason of, interference with a previously existing patent; and in all cases where there is no opposing party a copy of the bill shall be served upon the commissioner of patents, when the whole of the expenses of the proceeding shall be paid by the applicant, whether the final decision shall be in his favor or otherwise. The effect of this section is to give to all persons whose applications are refused under the seventh section (and who were concluded by the decision of the board of commissioners under the act of 1836) the same remedy as was provided for those who came within the provisions of the eighth section. The remedy is by bill in equity, in the court having cognizance thereof.

On the part of the complainant it is contended that inasmuch as the seventeenth section of the act of 1836, declares that all actions, suits, controversies and cases arising under any law of the United States, granting or confirming to inventors the exclusive right to their inventions or discoveries, shall be originally cognizable, as well in equity as at law, by the circuit courts of the United States, or any district court having the powers and jurisdiction of a circuit court; that congress did not intend to give jurisdiction to the courts of the District of Columbia, where there is no district court having the power of a circuit court, but to the courts of the United States, established by the judiciary act of 1789, and, the complainant being a resident here, this court has the jurisdiction.

In the construction of statutes every part of the act and acts in pari materia are to be taken together for the purpose of discovering the intention of the legislature, which, when ascertained, is to prevail. It shall be so construed if possible that no clause, sentence or word shall be rendered superfluous or void. And when great inconvenience will result from a particular construction, that construction shall be avoided, unless the meaning of the legislature be plain, in which case it must be obeyed. 2 Cranch [6 U. S.] 386. With these rules in view let us examine the question presented for consideration.

By the section of the act of September 24, 1789, establishing the judicial courts of the United States it is enacted that no person shall be arrested in one district for trial in another in a civil action before a circuit or district court, and no civil suit or action shall be brought before either of the said courts against an inhabitant of the United States by any original process in any other

district than that whereof he is an inhabitant, or in which he shall be found at the time of serving the writ. The third section of the act of February 27th, 1801, concerning the District of Columbia (3 Story's Laws, p. 2089, Append.) declares there shall be a court in the said District, which shall be called the circuit court of the District of Columbia; and the said court and the judges thereof shall have all the power by law vested in the circuit courts and the judges of the circuit courts of the United States. And by the fifth section the said court shall have cognizance of all cases in law and equity between parties, both or either of whom shall be a resident or found within said District. The fourth section of the act of March 3, 1815, vesting more effectually jurisdiction in state courts,—2 Story's Laws, p. 1531 [3 Stat. 244],—enacts that the district courts of the United States shall have cognizance concurrent with the courts and magistrates of the several states, and the circuit courts of the United States, of all suits at common law, when the United States or any officer thereof, under the authority of an act of congress, shall sue, although the debt, claim or other matter in dispute shall not amount to one hundred dollars. Various other statutes have been passed either imposing penalties or providing relief, in which it is said the district or circuit courts of the United States shall have jurisdiction; but in all such cases it is understood the intention of congress was to give jurisdiction to those courts according to well-known and settled principles. These principles are that process for the institution of a suit, either at law or equity, in the district or circuit courts, shall not run beyond the limits of the district for which the court from which it issues is held, and that the circuit court for the District of Columbia has full equity powers where both or either of the parties shall be found within that jurisdiction. The prohibition of the service of process out of the jurisdiction is, however, a personal privilege, which may be waived; but in the present case the defendant has availed himself of the first opportunity to make the objections.

Another objection to the jurisdiction of this court is the mode of enforcing obedience to its decree. It is to be presumed that a court will not take cognizance of a cause, unless it can execute its judgment. Now, if this court should take jurisdiction of the complainant's bill, and decide that he is entitled to a patent, how can that decision be enforced if the commissioner should refuse to issue the patent? The proper remedy would seem to be by a mandamus, but the supreme court have decided that the circuit courts out of the District of Columbia have no authority to issue a writ of mandamus to an officer of the United States, commanding him to do a ministerial act, but that the circuit court for the District of Columbia has such power. Kendall v. U. S., 12 Pet. [37

U. S.] 525. In every aspect of the case it appears to me that this court has no jurisdiction of the complaint. By this construction, full effect may be given to every word of the section under consideration. Where there are two interfering patents, the circuit court of the district, whereof the defendant is an inhabitant or where he may be found, is the court "having cognizance," when an original application for a patent has been refused, and there is no opposing party, so that the process, a copy of which is to be served on the commissioner of patents, the circuit court of the District of Columbia, of which the commissioner is an inhabitant, and which can enforce its judgment, is the proper tribunal.

This view also avoids the great inconvenience which would result from the construction contended for by the counsel for the complainant. The bill prays that the commissioner be required to produce, on the hearing the specifications, models, drawings, &c., and these may be necessary to enable the court to determine upon the validity of the application for a patent. If the commissioner can be required to produce these in this court, he may with as much propriety be called on to answer similar applications in any circuit court of the Union,—an inconvenience, to say the least of it, which, if it had been intended by congress, they would have used plain, precise and clear language, such as would not leave the intention open to judicial construction, or leave it liable to be misunderstood.

This view renders it unnecessary to consider the argument urged in support of the demurrer. The plea to the jurisdiction is sustained, and the bill dismissed for want of jurisdiction.